PER CURIAM.
This disciplinary proceeding against Ronald W. Brooks is before us on complaint of The Florida Bar and the uncontested referee’s report. The referee recommends that Brooks be publicly reprimanded, suspended for five days, and automatically reinstated. We have jurisdiction. Art. V, § 15, Fla. Const.
Brooks admitted the truth of the allegations asserted in The Florida Bar’s complaint, which reads in pertinent part:
3.Respondent was retained by Merril Marty in February of 1983 to continue the litigation of her employment discrimination case.
4. The case had originated in 1979 when Mrs. Marty, a federal civil service employee left her job after having leave denied by her supervisor. Equal Employment Opportunity complaints were filed and were eventually denied administratively.
5. Later, a Merit Systems Protection Board claim was filed and lost.
6. Mrs. Marty filed a pro se law suit in an United States District Court in South Carolina. She subsequently retained a Winter Park, Florida, law firm to represent her. The suit was removed to the U.S. District Court for the Middle District of Florida and was numbered 82-305-Civ-Orl-18.
7. The Winter Park law firm then withdrew from representing Mrs. Marty and she retained the. respondent to represent her.
8. Mrs. Marty has paid respondent approximately $10,000 of an agreed upon total fee of $15,000 to complete the action.
9. Respondent conducted discovery, the case was prepared and a trial date was set for sometime in June or July 1984. Before trial, however, the case was removed from the docket by the U.S. District Judge, and sent back to the Magistrate of the District Court for further proceedings.
10. Following a Status Conference with the Magistrate, by an order dated October 31, 1984, the parties were ordered to file a Pre-trial Stipulation in the case within 30 days. Respondent failed to do so and on December 10, 1984 the Magistrate ordered Respondent to show cause within fifteen days why the court’s order of October 31, 1984 had not been complied with. The magistrate cautioned the failure to respond would result in a recommendation of dismissal for failure to comply with the order and failure to prosecute.
11. Respondent did not respond to the show cause order. In his Report dated January 21, 1985, the Magistrate recom *1228 mended to the district Court that the case be dismissed. By order dated February 5, 1985, the District Court dismissed the case without prejudice.
12. Respondent did not inform Mrs. Marty of the dismissal of her case. In fact, he continually misrepresented to her that the case was active and progressing. On several occasions he informed Mrs. Marty of certain fictitious trial dates and then cancelled these dates with her shortly before she was to appear. A June 10, 1985 trial date was cancelled by Respondent on June 5, 1985 ostensibly due to Mr. Marty suffering a broken nose and Respondent’s reluctance to have him appear before the judge looking like a “barroom brawler”.
13. By means of a telephone call to the court clerk’s office, on or about June 11, 1985, Mrs. Marty learned of the dismissal of the case around June 11, 1985. However, she did not inform Respondent she was aware of the dismissal. At a subsequent meeting Respondent told the Martys that all that needed to be done was to call the judge for a new trial date. Noting that Brooks was emotionally
stressed at the time of the disciplinary violations,. the referee made the following recommendations:
III. Recommendations as to Whether or Not Respondent Should be Found Guilty or Not Guilty: As to the single count of the complaint, I recommend that Respondent be found guilty and specifically that he is found guilty of violating the following disciplinary rules of The Florida Bar Code of Professional Responsibility:
a. Disciplinary Rule l-102(a)(4), for deceit and misrepresentation in that he knowingly and wilfully represented to his client the false status of her case, causing her to believe that the case was proceeding in due course when it had actually been dismissed by the court in which the case had been pending.
b. Disciplinary Rule 6-101(a)(3) for neglect of a legal matter entrusted to him by allowing his client’s case to be dismissed.
c.Disciplinary Rule 7-101(a)(l) in that he failed to seek the lawful objectives of his client zealously.
IV. Recommendation As to Disciplinary Measures: I recommend that the Respondent receive a public reprimand and be suspended for a period of five (5) days with automatic reinstatement at end of period of suspension as provided in Rule 11.410(4) [Florida Bar Integration Rule, article XI, Rule 11.10(4) ].
Neither party contests the referee’s report. Accordingly we approve the findings and recommendations, Florida Bar Integration Rule, article XI, Rule 11.09(3)(f), publicly reprimand Brooks through the publication of this opinion, and suspend Brooks from the practice of law for a period of five days effective May 4, 1987, with automatic reinstatement upon expiration of the suspension. Notification of clients, pursuant to Rules Regulating The Florida Bar 3-5.1(h), is not required in this instance. Judgment for costs in the amount of $581.15 is hereby entered against respondent, for which sum let execution issue. i
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.